UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**CAMERON STEWART**
9633 Bagly Drive, Apartment #2
Roscoe, IL 61073

   Plaintiff,

            Case No.   14-cv-53

vs.

**CHARTER COMMUNICATIONS, INC.**
Registered Agent:
CSC Lawyers Incorporating Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

and

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**
Registered Agent:
CSC Lawyers Incorporating Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

   Defendants.

---

## COMPLAINT

---

  The Plaintiff, Cameron Stewart by Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

### PARTIES

  1. Plaintiff at all times material to the events giving rise to this Complaint was an adult resident of the State of Wisconsin.

2. Defendant, Charter Communications, Inc., on information and belief, employed Plaintiff and self-insured a short term disability insurance plan for its employees.

3. Defendant, Liberty Life Assurance Company of Boston ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of New Hampshire, licensed to do business in Wisconsin.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B), or alternatively, § 502(a)(3).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff has exhausted his administrative remedies as a condition precedent to filing this action.

## FACTS

8. During the course of Plaintiff's employment with Employer, Plaintiff became eligible for certain employee benefits, including the short-term disability insurance ("STDI") benefits provided by the Plan.

9. Plaintiff applied for STDI benefits as of May 30, 2013. Pursuant to the STDI Plan, Plaintiff's STDI benefits would be worth 60% of his Basic Weekly Earnings – or $327.84 per week for 24 weeks and 6 days.

10. Defendants have denied Plaintiff's STDI benefits claim in its entirety.

11. Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

12. Plaintiff submitted complete medical documentation in support of his disability as part of the appeal.

13. Plaintiff submitted all information requested by the Defendants.

14. Defendants failed to consider the issues raised in Plaintiff's administrative appeals.

15. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

16. Defendants did not afford Plaintiff a reasonable opportunity for a "full and fair review" of Plaintiff's claim.

17. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect his claim and an explanation of why that material was necessary.

18. Defendants failed to adequately explain why they rejected specific evidence in Plaintiff's file.

19. Defendants failed to engage in a meaningful dialogue with the Plaintiff.

20. Defendants failed to adequately explain their reasons for denying Plaintiff benefits.

21. Defendants conducted a selective review of Plaintiff's medical records.

22. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

23. At all times material to this case, the Plan has remained in full force and effect.

24. Defendants' denial of STDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B), or SECTION 503(a)(3), OF ERISA

25. The preceding paragraphs are reincorporated by reference as though set forth here in full.

26. Since May 30, 2013, Plaintiff has been disabled, as that term is defined by the Plan.

27. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is *de novo* as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

28. Defendants wrongfully denied STDI benefits due to Plaintiff as of May 30, 2013.

29. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits

30. Defendants have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

31. Upon information and belief, Defendants have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

32. As both the payer of claims and the adjudicator of claim eligibility, Insurance Company has an inherent conflict of interest.

33. Defendants' denial of Plaintiff's STDI benefits was "downright unreasonable."

34. For these and other reasons, Defendants acted in violation of § 502(a)(1)(B) of ERISA, or alternatively, § 503(a)(3) when it wrongfully denied Plaintiff's claim for STDI benefits.

**WHEREFORE** the Plaintiff, Cameron Stewart, demands judgment from the Defendants for the following:

A. Payment of all retroactive STDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. Prejudgment interest;

C. Reasonable attorney's fees and costs related to the action; and

D. Such other and further relief that the Court deems just and equitable.

Dated: January 29, 2014

        **HAWKS QUINDEL, S.C.**

By:    */s/ William E. Parsons*
      William E. Parsons, State Bar No. 1048594
      Email: wparsons@hq-law.com
      Danielle M. Schroder, State Bar No. 1079870
      Email: dschroder@hq-law.com
      222 West Washington Avenue, Suite 450
      Post Office Box 2155
      Madison, Wisconsin 53701-2155
      Telephone: 608/257-0040
      Facsimile: 608/256-0236

      Attorneys for Plaintiff, Cameron Stewart